UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KARRI WHEELER,<br><br>              Plaintiff,<br><br>   v.<br><br>WELLS FARGO HOME MORTGAGE,<br><br>              Defendant. | CASE NO. C18-5060 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, GRANTING PLAINTIFF LEAVE TO AMEND, AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND |

This matter comes before the Court on Defendant Wells Fargo Home Mortgage's ("Wells Fargo") motion to dismiss (Dkt. 7) and Plaintiff Karri Wheeler's ("Wheeler") motion to amend (Dkt. 17). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

## I. PROCEDURAL HISTORY

On December 20, 2017, Plaintiff Karri Wheeler ("Wheeler") filed a complaint against Wells Fargo in Cowlitz County Superior Court for the State of Washington. Dkt. 1-1 at 1–57. Wheeler asserts four causes of action without identifying the legal basis for her claims or what statutes were violated. *Id*. ¶¶ 153–172.

On January 24, 2018, Wells Fargo removed the matter to this Court asserting that the Court has diversity jurisdiction under 28 U.S.C. § 1332.  Dkt. 1, ¶ 2.

On January 31, 2018, Wells Fargo moved to dismiss Wheeler's complaint.  Dkt. 7.  Wells Fargo contends that Wheeler asserts claims for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601–2617, the Washington Consumer Protection Act ("CPA"), RCW Chapter 19.86, and the Washington Deed of Trust Act ("DTA"), RCW Chapter 61.24.  *Id*. at 6–7.  Wells Fargo also filed a request for the Court to take judicial notice of various documents relating to Wheeler's claims.  Dkt. 8.

On April 8, 2018, Wheeler filed an opposition to Wells Fargo's request for judicial notice and filed a motion to amend her complaint.  Dkts. 16–17.  On April 5, 2018, Wells Fargo replied to Wheeler's opposition to judicial notice.  Dkt. 18.  On April 16, 2018, Wells Fargo responded to Wheeler's motion to amend.  Dkt. 20.

## II.   FACTUAL BACKGROUND

On April 28, 2006, Wheeler and her husband Joseph (collectively "Wheelers") signed a note borrowing $72,000 from Wells Fargo secured by a deed of trust on property located at 915 S. 7th Ave Kelso, WA.  Dkt. 8, Exhs. 1–2.  On May 19, 2010, Joseph quitclaimed all interest in the property to Wheeler.  *Id*., Exh. 5.

In February 2014, Wheeler failed to make her payments because of financial hardship and the loan entered default.  Dkt. 1-1, ¶ 11.  On April 4, 2014, Wheeler filed a voluntary bankruptcy petition seeking chapter 13 relief for "business debts."  Dkt. 8, Exh.

6. On December 29, 2014, the quitclaim deed was filed in the Cowlitz County Recorder's office. *Id*., Exh. 5.

On July 10, 2017, Northwest Trustee Services, Inc. ("NTS") sent the Wheelers a notice of default. *Id*., Exh 3. On August 17, 2017, NTS sent the Wheelers a notice of trustee's sale with a scheduled sale date of December 22, 2017. *Id*., Exh. 4.

On January 2, 2018, Wheeler submitted an amended chapter 13 plan. *Id*., Exh. 8. As part of the plan, Wheeler represented to the bankruptcy court that she would "immediately attempt to sell real property located at: 915 S 7th, Kelso, Washington" and that the "[n]et proceed, if any, shall be paid to the Trustee for distribution through the plan." *Id*.

### III. DISCUSSION

**A.  Judicial Notice**

Rule 201 of the Federal Rules of Evidence, which governs judicial notice, states in part: "A judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court can take judicial notice of "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

In this case, Wheeler argues that the Court should deny Wells Fargo's request for judicial notice. Wheeler, however, fails to provide any specific reason to question the authenticity of the documents. Instead, Wheeler argues that Wells Fargo failed to abide by the terms of the notice of default and misrepresented its intentions in a motion for

6. On December 29, 2014, the quitclaim deed was filed in the Cowlitz County Recorder's office. *Id*., Exh. 5.

On July 10, 2017, Northwest Trustee Services, Inc. ("NTS") sent the Wheelers a notice of default. *Id*., Exh 3. On August 17, 2017, NTS sent the Wheelers a notice of trustee's sale with a scheduled sale date of December 22, 2017. *Id*., Exh. 4.

On January 2, 2018, Wheeler submitted an amended chapter 13 plan. *Id*., Exh. 8. As part of the plan, Wheeler represented to the bankruptcy court that she would "immediately attempt to sell real property located at: 915 S 7th, Kelso, Washington" and that the "[n]et proceed, if any, shall be paid to the Trustee for distribution through the plan." *Id*.

### III.  DISCUSSION

**A.  Judicial Notice**

Rule 201 of the Federal Rules of Evidence, which governs judicial notice, states in part: "A judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court can take judicial notice of "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

In this case, Wheeler argues that the Court should deny Wells Fargo's request for judicial notice. Wheeler, however, fails to provide any specific reason to question the authenticity of the documents. Instead, Wheeler argues that Wells Fargo failed to abide by the terms of the notice of default and misrepresented its intentions in a motion for

6. On December 29, 2014, the quitclaim deed was filed in the Cowlitz County Recorder's office. *Id*., Exh. 5.

On July 10, 2017, Northwest Trustee Services, Inc. ("NTS") sent the Wheelers a notice of default. *Id*., Exh 3. On August 17, 2017, NTS sent the Wheelers a notice of trustee's sale with a scheduled sale date of December 22, 2017. *Id*., Exh. 4.

On January 2, 2018, Wheeler submitted an amended chapter 13 plan. *Id*., Exh. 8. As part of the plan, Wheeler represented to the bankruptcy court that she would "immediately attempt to sell real property located at: 915 S 7th, Kelso, Washington" and that the "[n]et proceed, if any, shall be paid to the Trustee for distribution through the plan." *Id*.

### III.  DISCUSSION

**A.  Judicial Notice**

Rule 201 of the Federal Rules of Evidence, which governs judicial notice, states in part: "A judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court can take judicial notice of "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

In this case, Wheeler argues that the Court should deny Wells Fargo's request for judicial notice. Wheeler, however, fails to provide any specific reason to question the authenticity of the documents. Instead, Wheeler argues that Wells Fargo failed to abide by the terms of the notice of default and misrepresented its intentions in a motion for

relief from stay. A party's failure to honor a contract does not undermine the validity of the contract, and the Court may take judicial notice of a publically recorded deed of trust. Regarding Wheeler's other objection, Wells Fargo requests that the Court take judicial notice of the bankruptcy court's order granting relief from an automatic stay. Wheeler contends that Wells Fargo made serious misrepresentations in its motion requesting leave from the stay. Any misrepresentation in the motion requesting such relief does not undermine the authenticity of the bankruptcy court's order granting the motion. Therefore, Wheeler's objections are without merit and the Court will take judicial notice of the documents Wells Fargo submitted.

**B.     Motion to Dismiss**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In this case, the main problem with Wheeler's complaint is that she fails to identify the rules of common law or statutes supporting her causes of action. While

Wells Fargo claims to understand the basis of Wheeler's claims in its current motion, it definitely didn't when it removed the matter. Wells Fargo removed on the basis of diversity jurisdiction, but now moves to dismiss Wheeler's RESPA claim, which would provide a basis for federal subject matter jurisdiction. Thus, the Court declines to issue an advisory opinion at this point of the proceeding and grants Wells Fargo's motion on the basis that Wheeler fails to adequately state any claim for relief.

In the event the Court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003). The Court grants Wheeler leave to amend her complaint because amendments could cure the identified deficiencies.[1] Wheeler shall identify as clearly as possible which law or statute supports each one of her claims. The Court may dismiss any claim that contains only conclusory allegations without any citation to a law or statute.

Finally, regarding judicial estoppel, it is unclear whether Wheeler has taken a clearly inconsistent position in this matter. Wheeler's bankruptcy plan explicitly states that she will immediately attempt to sell the property in question and pay her debts and that the secured creditor has been granted relief to foreclose on the property. Dkt. 8, Exh.8. Yet, in her complaint, Wheeler seeks to enjoin Wells Fargo's foreclosure. Dkt. 1-1. It may be that Wheeler intends to enjoin the foreclosure proceeding to sell the

---

[1] Granting leave to amend moots Wheeler's motion to amend. Therefore, the Court denies Wheeler's motion as moot. If Wheeler files another motion to amend, she shall comply with the local rules of procedure and submit a copy of the proposed complaint with her motion.

property on the open market instead of it being sold to the highest bidder at a trustee's sale. While judicial estoppel may be appropriate to bar some of Wheeler's requests for relief, it is unclear at this point that she is taking inconsistent positions. Therefore, the Court denies Wells Fargo's motion on this issue.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Wells Fargo's motion to dismiss (Dkt. 7) is **GRANTED in part** and **DENIED in part** and Wheeler's motion to amend (Dkt. 17) is **DENIED as moot**. Wheeler is granted leave to amend to her complaint. Wheeler shall file an amended complaint no later than June 15, 2018. Failure to file a complaint or otherwise respond will result in dismissal of the matter without further order of the Court.

Dated this 31st day of May, 2018.

BENJAMIN H. SETTLE
United States District Judge