UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KARRI WHEELER,

                 Plaintiff,

    v.

WELLS FARGO HOME MORTGAGE,
a division of WELLS FARGO N.A.,

                 Defendant.

CASE NO. C18-5060 BHS

ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS AND DENYING
PLAINTIFF'S MOTION FOR
LEAVE TO AMEND

This matter comes before the Court on Defendant Wells Fargo Bank, N.A.'s

("Wells Fargo") motion to dismiss (Dkt. 26) and Plaintiff Karri Wheeler's ("Wheeler")

motion for leave to file an amended complaint (Dkt. 31). The Court has considered the

pleadings filed in support of and in opposition to the motions and the remainder of the

file and hereby rules as follows:

## I.   PROCEDURAL HISTORY

On December 20, 2017, Wheeler filed a complaint against Wells Fargo in Cowlitz

County Superior Court for the State of Washington. Dkt. 1-1 at 1–57. Wheeler asserted

four causes of action without identifying the legal basis for her claims or what statutes

were violated. *Id*. ¶¶ 153–172.

On January 24, 2018, Wells Fargo removed the matter to this Court asserting that

the Court has diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 1, ¶ 2.

On January 31, 2018, Wells Fargo moved to dismiss Wheeler's complaint. Dkt. 7. On May 31, 2018, the Court granted the motion and granted Wheeler leave to amend. Dkt. 23.

On June 15, 2018, Wheeler filed a first amended complaint ("FAC") asserting inconsistent claims for relief. Dkt. 24. For example, in the introduction section, Wheeler alleges that she brings this action for violations of the Consumer Financial Protection Act ("CFPA"); the Fair Debt Collection Practices Act ("FDCPA"); the Real Estate Settlement Procedures Act ("RESPA"); Regulation X; the Truth in Lending Act ("TILA); Regulation Z; and the Homeowners Protection Act ("HPA"). *Id.* ¶ 3. Wheeler, however, asserts five claims for relief as follows: (1) violation of the Washington Consumer Protection Act ("CPA"); (2) violation of state laws prohibiting unfair and deceptive consumer practices with respect to foreclosure processing; (3) violations of the CFPA with respect to loan servicing; (4) violation of the CFPA with respect to foreclosure processing; and (5) declaratory judgment with respect to Wells Fargo's bankruptcy conduct. *Id.* ¶¶ 207–221.

On June 29, 2018, Wells Fargo moved to dismiss the FAC. Dkt. 26. On July 30, 2018, Wheeler responded. Dkt. 27. On August 3, 2018, Wells Fargo replied. Dkt. 30.

On August 7, 2018, Wheeler filed a motion for leave to amend her complaint. Dkt. 31. On August 17, 2018, Wells Fargo responded and requested that the Court deny

the motion because Wheeler failed to attach a proposed complaint and Wheeler failed to articulate the missing facts that would be included in an amended complaint. Dkt. 32.[1]

## II.   FACTUAL BACKGROUND

On April 28, 2006, Wheeler and her husband Joseph (collectively "Wheelers") signed a note borrowing $72,000 from Wells Fargo secured by a deed of trust on property located at 915 S. 7th Ave, Kelso, WA ( "Property"). Dkt. 8, Exh. 1–2. On May 19, 2010, Joseph quitclaimed all interest in the property to Wheeler. *Id*., Exh. 5.

In February 2014, Wheeler failed to make her payments because of financial hardship and the loan entered default. Dkt. 1-1, ¶ 11. On April 4, 2014, Wheeler filed a voluntary bankruptcy petition seeking chapter 13 relief for "business debts." Dkt. 8, Exh. 6. On December 29, 2014, the quitclaim deed was filed in the Cowlitz County Recorder's office. *Id*., Exh. 5.

On July 10, 2017, Northwest Trustee Services, Inc. ("NTS") sent the Wheelers a notice of default. *Id*., Exh 3. On August 17, 2017, NTS sent the Wheelers a notice of trustee's sale with a scheduled sale date of December 22, 2017. *Id*., Exh. 4.

On January 2, 2018, Wheeler submitted an amended chapter 13 plan. *Id*., Exh. 8. As part of the plan, Wheeler represented to the bankruptcy court that she would

---

[1] The Court denies Wheeler's motion for the reasons identified in Wells Fargo's response. The local rules require an amended complaint be submitted with a motion for leave to amend. Local Rules W.D. Wash. LCR 15. The Court could excuse this failure, but Wheeler's motion fails to identify any actual fact that would be included in an amended complaint and relies on pure speculation that, if given the opportunity to amend, she would file a complaint that alleged sufficient facts to state a claim. Dkt. 31 at 6 ("Plaintiff will show clearly the deceptive, unfair and abusive acts under the CPA on her Second Amended Complaint, if given the chance.").

"immediately attempt to sell real property located at: 915 S 7th, Kelso, Washington" and that the "[n]et proceed, if any, shall be paid to the Trustee for distribution through the plan." *Id.*

### III.  DISCUSSION

Wells Fargo moves to dismiss Wheeler's claims because some are barred by the doctrine of judicial estoppel, some federal statutes do not cover business property, Wheeler does not have a private right of action under the CFPA, and she fails to allege sufficient facts to state a CPA claim.  Dkt. 26.

**A.     Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory.  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983).  To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action.  *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007).  Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

**B.     Judicial Estoppel**

Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a

clearly inconsistent position. *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600–01 (9th Cir. 1996). Judicial estoppel not only prevents a party from gaining an advantage by taking inconsistent positions, but also provides for the orderly administration of justice and regard for the dignity of judicial proceedings. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). The application of judicial estoppel is not limited to bar the assertion of inconsistent positions in the same litigation, but is also appropriate to bar parties from making incompatible statements in two different cases. *Id.*

In this case, Wells Fargo argues that the Court should dismiss Wheeler's claim for declaratory relief because it is barred by judicial estoppel. Dkt. 26 at 5–6. Although Wheeler requests permanent injunctive relief, Wells Fargo fails to cite any allegation where Wheeler explicitly seeks the relief of retaining the Property. Instead, Wheeler seeks an injunction to enjoin Wells Fargo "from further unlawful conduct." FAC at 72–74, ¶¶ 1–5. The Court finds that "unlawful conduct" does not include enjoining the foreclosure because none of Wheeler's alleged violations provide the remedy of enjoining a foreclosure. At most, the claims provide monetary damages that may be used to offset debts owed. Therefore, the Court denies Wells Fargo's motion on this issue.

**C.    TILA and RESPA**

"Neither TILA nor RESPA apply to business loans." *Schwartz v. World Sav. Bank*, C11-0631JLR, 2012 WL 993295, at *3 (W.D. Wash. Mar. 23, 2012) (citing *Daniels v. SMCE Mortg. Bankers, Inc.*, 680 F. Supp. 2d 1126, 1129 (C.D. Cal. 2010). TILA applies to transactions in which "the party to whom credit is offered or extended is

a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes."  15 U.S.C. § 1602(h).  In addition, TILA "does not apply to . . . [c]redit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes."  15 U.S.C. § 1603(l).  RESPA is identical in this regard, and also "does not apply to credit transactions involving extensions of credit . . . primarily for business, commercial, or agricultural purposes."  12 U.S.C. § 2606(a); *see also Johnson v. Wells Fargo Home Mortgage, Inc.*, 635 F.3d 401, 417 (9th Cir. 2011).

In this case, Wells Fargo argues that Wheeler fails to establish a cognizable legal claim under TILA or RESPA because she acquired the relevant loan for business purposes.  Dkt. 26 at 6–9, 12–13.  Wheeler counters that the original loan documents state that the loan was a "residential mortgage" for a single family dwelling.  Dkt. 27 at 4–10.  Wheeler, however, fails to establish that this misrepresentation to the original lender alters the TILA or RESPA analysis.  She has stated multiple times in her bankruptcy and in her complaint that the Property was purchased as an investment property.  *See* FAC ¶ 54 ("The subject property was purchase [sic] as an investment property and still is an investment property.").  Therefore, the Court grants Wells Fargo's motion and dismisses Wheeler's TILA and RESPA claims.[2]

---

[2] The Court also dismisses Wheeler's Regulation X and Z claims because they are specific provisions of RESPA and TILA, respectively.

### D.    CFPA

The CFPA authorizes the Consumer Financial Protection Bureau to take action against any person "committing or engaging in an unfair, deceptive, or abusive act or practice . . . in connection with any transaction with a consumer for a consumer financial product or service." 12 U.S.C. § 5531(a). Accordingly, "there is no private right of action under the CFPA. *Johnson v. J.P. Morgan Chase Nat. Corp. Servs., Inc.*, 3:13-CV-678-MOC-DSC, 2014 WL 4384023, at *5 (W.D. N.C. Aug. 5, 2014).

In this case, Wells Fargo moves to dismiss Wheeler's CFPA claims because she fails to state a cognizable legal claim in that she has no private right of action to enforce the CFPA. Dkt. 26 at 9–10. The Court agrees, and Wheeler fails to provide any authority to the contrary. Therefore, the Court grants Wells Fargo's motion on Wheeler's CFPA claims.

### E.    FDCPA

The FDCPA does not govern efforts by creditors collecting their own debts. Specifically, the term debt collector does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (ii) concerns a debt which was originated to such person; (iii) concerns a debt which was not in default at the time it was obtained by such person[.]" 15 U.S.C. § 1692a(6)(F).

In this case, Wells Fargo argues that Wheeler fails to state a cognizable FDCPA claim because Wells Fargo is a creditor attempting to collect its own debt. Dkt. 26 at 10–12. Wheeler contends that Wells Fargo is not the creditor because America One Finance

was the original lender.  Dkt. 27 at 12–13.  Wheeler, however, fails to cite any allegation

supporting this factual assertion, and even if she made such an allegation, it would

directly conflict with the loan documents that clearly state the lender is Wells Fargo.  *See*

Dkt. 8-1 at 2.  Therefore, the Court grants Wells Fargo's motion on Wheeler's FDCPA

claim.

**F.      HPA**

The HPA provides protection against certain types of private mortgage insurance

on residential mortgages.  12 U.S.C. § 4901(14).  HPA claims have a two-year statute of

limitation.  12 U.S.C. § 4907(b).

In this case, Wells Fargo argues that Wheeler's HPA claim fails as a matter of law

because HPA does not apply to mortgages for business purposes and the claim is barred

by the statute of limitations.  Dkt. 26 at 13–15.  Wheeler failed to respond to these

arguments, which the Court considers as an admission that the motion has merit.  Local

Rule CR 7(b)(2).  The Court agrees with Wells Fargo, and therefore grants Wells Fargo's

motion on Wheeler's HPA claims.

**G.      CPA**

The CPA prohibits unfair methods of competition and unfair or deceptive acts or

practices in the conduct of any trade or commerce.  RCW 19.86.020.  To prevail on a

CPA claim, a plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring

in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or

property, and (5) causation.  *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 37

(2009).

In this case, Wells Fargo argues that Wheeler has failed to allege "facts sufficient to establish the required elements of a CPA violation . . . ." Dkt. 26 at 20. The Court agrees, and Wheeler only mentions her CPA claim once in her response without identifying any facts to support her claim. Dkt. 27 at 13. Therefore, the Court grants Wells Fargo's motion on Wheeler's CPA claim.

**H.    Relief**

In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

In this case, Wells Fargo argues that the Court should dismiss all of Wheeler's claims with prejudice. Dkt. 26 at 24. The Court agrees on every claim except for Wheeler's CPA claim. Regarding Wheeler's TILA, RESPA, CFPA, FDCPA, and HPA claims, Wells Fargo has establish that all of these claims fail as a matter of law and any amendment would be futile. Therefore, the Court dismisses these claims with prejudice.

On the other hand, Wheeler's CPA claim is defective because she has failed to provide sufficient factual allegations. Wells Fargo argues that the Court should exercise its discretion and dismiss the CPA claim with prejudice because Wheeler failed to properly amend her claim the first time the Court granted her leave to amend. Dkt. 27 at 23 (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)). Wells Fargo's argument has some merit because Wheeler's original complaint was woefully inadequate and her second complaint spanned over 70 pages, but failed to contain any factual allegations to support her CPA claim. Moreover, Wheeler has had three

opportunities to identify the facts that would support her claim. The first was her amended complaint; the second was her response to Wells Fargo's motion; and the third was her motion to amend her complaint. In all three documents, Wheeler relies on speculation that at some point in the future, she will identify the facts that support her CPA claim. Given Wheeler's previous opportunity, combined with her repetitive failure to articulate sufficient facts to support a CPA claim, the Court concludes that any additional opportunity to amend would be futile. Therefore, the Court dismisses Wheeler's CPA claim with prejudice.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Wells Fargo's motion to dismiss (Dkt. 26) is **GRANTED**, Wheeler's motion for leave to file an amended complaint (Dkt. 31) is **DENIED**, and Wheeler's claims are dismissed with prejudice. The Clerk shall enter a JUDGMENT and close the case.

Dated this 26th day of September, 2018.

BENJAMIN H. SETTLE
United States District Judge